**UNITED STATES of America,**
**Appellee,**

v.

**Francis D. SPELLICY, Defendant–**
**Appellant.**

No. 06–0308–cr.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2007.

David Samel, New York, NY, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Ransom P. Reynolds, Assistant United States of Attorney, of counsel; Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Syracuse, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Francis Spellicy appeals from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*), entered on January 13, 2006 sentencing him on a guilty plea principally to 30 months' imprisonment for one count of possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Spellicy first argues that his right to a speedy trial, 18 U.S.C. § 3162, was violated and that the indictment should therefore be dismissed. Findings of fact as they relate to a speedy trial challenge are reviewed for clear error and related legal conclusions *de novo*. *United States v. Gaskin*, 364 F.3d 438, 450 (2d Cir.2004), *cert. denied*, 544 U.S. 990, 125 S.Ct. 1878, 161 L.Ed.2d 751 (2005). The Speedy Trial Act "generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial

appearance, 18 U.S.C. § 3161(c)(1), but the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, ⎯ U.S. ⎯, 126 S.Ct. 1976, 1983, 164 L.Ed.2d 749 (2006). Section 3161(h)(8) permits a court to grant a continuance, and exclude the resulting delay, if the court finds that the ends of justice are served by granting the continuance and that they outweigh the public's and the defendant's interests in a speedy trial. *Id.* at 1984.

Spellicy contends that the District Court's exclusion of time between August 11, 2005 and September 19, 2005 (the date on which Spellicy filed pretrial motions),[1] was invalid because it indicated that Spellicy was the movant and that it was a stipulation, both of which were untrue. The exclusion may be made on the court's own motion or on a motion by the government or defendant, thus it is irrelevant whether defendant was the movant or whether the parties stipulated to the exclusion. *See* 18 U.S.C. § 3161(h)(8).

However, Spellicy argues that those inaccuracies render any findings of fact in the order insufficient to satisfy the standard in *Zedner*, 126 S.Ct. at 1989. This argument is unavailing. Though incorrectly titled a stipulation, the District Court's order excluding time from August 11, 2005 to and including September 28, 2005, pursuant to section 3161(h), stated that the ends of justice would be served by the exclusion. As reasons, the order signed by the District Court relied on the facts that a superceding indictment had been filed against Spellicy, Spellicy had just exercised his right to proceed *pro se*, and Spellicy expressed a desire to file pre-trial motions. All of these reasons were true

and known to the District Court when it signed the order. Though those facts were erroneously cited as stipulated, they are entirely proper reasons for the exclusion of time. Thus, it was not error for the District Court to deny Spellicy's motion to dismiss based on a violation of the Speedy Trial Act.

■ Spellicy's second argument is that the search of his home violated his Fourth Amendment right against unreasonable search and seizure. "To be valid under the Fourth Amendment a search warrant must be supported by probable cause." *United States v. Irving*, 452 F.3d 110, 125 (2d Cir.2006). The judicial officer's determination of probable cause is entitled to substantial deference, *see Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and our review is limited to "whether the issuing judicial officer had a substantial basis for the finding of probable cause." *United States v. Singh*, 390 F.3d 168, 181 (2d Cir.2004). We review a district court's ruling on a suppression motion *de novo. United States v. Elmore*, 482 F.3d 172, 178 (2d Cir.2007).

In deciding whether probable cause exists, a judicial officer must examine the totality of the circumstances. *Gates*, 462 U.S. at 238, 103 S.Ct. 2317. "The core question in assessing probable cause based upon information supplied by an informant is whether the information is reliable. Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of providing reliable information, or if it is corroborated in material respects by independent evidence." *United States v. Wagner*, 989 F.2d 69, 72–73 (2d Cir.1993).

---

1. After Spellicy filed his pretrial motions, the time between the filing of the motions and denial was automatically excludable pursuant to 18 U.S.C. § 3161(h)(1)(F). *See Henderson v. United States*, 476 U.S. 321, 330, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986).

**150**

Here the town justice clearly had a substantial basis for a finding of probable cause. David Kashmer, Spellicy's neighbor, told police that he saw Spellicy moving rifles from his truck into his garage. The police investigator then personally met with Kashmer to obtain the information, had Kashmer sign a sworn affidavit, and corroborated Spellicy's address as well as Kashmer's claim that Spellicy was a convicted felon.

There is no allegation or indication that the police knew about and failed to include information regarding Kashmer's prior "unfounded" complaint that a marijuana smell was emanating from Spellicy's house. *See United States v. Ferguson,* 758 F.2d 843, 848 (2d Cir.1985) ("To successfully challenge a search warrant based on the allegations set forth in the underlying affidavit, an objectant must show by a preponderance of the evidence that the affidavit contained false statements that were material on the issue of probable cause. The statements alleged to be false must be shown to have been made intentionally, knowingly, or with reckless disregard for the truth.") (citing *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). Nor is there reason to believe that inclusion of that "unfounded" complaint in the report would have made a finding of probable cause erroneous. Sufficiently reliable information was present in Kashmer's later tip to overcome any doubt that could have been created by the fact that Kashmer's earlier complaint was "unfounded." *See Singh,* 390 F.3d at 182.

Finally, we cannot say that the District Court erred in denying Spellicy's suppression motion based on the finding of good cause for a nighttime search. The nighttime search was reasonably authorized under the "good cause" exception of Rule 41(e)(2) of the Federal Rules of Criminal Procedure and its state law analogue, because the town justice found that firearms, rifles, or ammunition "could be easily disposed of." *See* Fed.R.Crim.P. 41(e)(2); N.Y. Crim. Proc. Law § 690.35(4)(b)(i).

For these reasons, we AFFIRM the judgment of the District Court.